```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```
_____

|                            | ) |                    |
|----------------------------|---|--------------------|
| **CURTIS SHAFFER,**        | ) |                    |
|                            | ) |                    |
|     **Plaintiff,** | ) |         |
|                            | ) |                    |
| v.                         | ) | No. 01-2931 Ma/An  |
|                            | ) |                    |
| **THOMAS E. WHITE, Secretary** | ) |                |
| **of the Army, and THE UNITED** | ) |               |
| **STATES OF AMERICA**      | ) |                    |
|                            | ) |                    |
|     **Defendants.** | ) |        |

_____

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**
_____

Plaintiff Curtis Shaffer ("Shaffer") brings claims under the Little Tucker Act, 28 U.S.C. § 1346, the Tucker Act, 18 U.S.C. § 1491, the Military Pay Act, 37 U.S.C. § 204-206, and the Administrative Procedure Act, 28 U.S.C. § 702 (the "APA"), for wrongful discharge and failure to correct military records. On January 28, 2002, Defendants Thomas E. White and the United States of America (together, "the United States") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). On February 26, 2002, Shaffer filed a response. Shaffer filed a supplement to his opposition on March 4, 2006, to which the United States replied on March 24, 2006.

**I. Background**

This case has an extensive procedural history. The following facts are undisputed. Shaffer was hired by the Army Reserves as a

"dual status technician" on July 24, 1983. Shaffer held the military grade of sergeant first class (E-7). He was assigned to the 302nd Military Intelligence Company of the 125th Army Reserve Command in Memphis, Tennessee. He also was employed in the civilian position of staff operations and training specialist with the United States Army Reserves 324th Combat Support Hospital of the 81st Army Reserve Command in Perrine, Florida. On January 15, 1993, Shaffer's military commander issued a letter of reprimand, finding that Shaffer had fraudulently worn the rank and insignia of a master sergeant and had drawn excess pay in the amount of $1186.00. The letter recommended that Shaffer be discharged from the Army Reserves. Shaffer filed a rebuttal on February 15, 1993, denying any improper conduct and requesting administrative review of his commander's decision. From May through December 1993, the Army conducted administrative proceedings to review the recommended action and concluded that Shaffer should be discharged. On December 13, 1993, Shaffer was discharged from the Reserves.

Plaintiff's civilian employment with the Army was conditioned upon his maintaining membership in the Reserves. On February 23, 1994, Shaffer received notice that his supervisor was proposing his termination because he had failed to maintain that membership. On April 2, 1994, Shaffer was terminated from employment with the Department of the Army.

On November 19, 1994, Shaffer submitted an application for

2

correction of military records to the Army Board for Correction of Military Records (BCMR). See 10 U.S.C. § 1552(b).  Shaffer filed a complaint in this court, the United States District Court for the Western District of Tennessee (case no. 96-2204), alleging racial discrimination and violations of his constitutional rights under the Fifth Amendment.  He also moved the court to set aside his discharge.  The court dismissed the suit on March 7, 1997.  Finding that the dismissal was actually a granting of summary judgment for the United States, the Court of Appeals for the Sixth Circuit affirmed on May 1, 1998.

On June 19, 1997, the Army Discharge Review Board refused to upgrade Shaffer's discharge, and the BCMR agreed in 1998.  Shaffer then filed a claim in the United States Court of Federal Claims. The Court of Federal Claims dismissed Shaffer's action on September 28, 2001 because the statue of limitations had expired.  Shaffer appealed.  In Shaffer v. United States, 89 Fed.Appx 265 (Fed. Cir. 2004), the Federal Circuit affirmed the decision of the Court of Federal Claims.

**II.  Jurisdiction and Venue**

This court has jurisdiction under the Little Tucker Act, 28 U.S.C. § 1346, the Tucker Act, 18 U.S.C. § 1491, the Military Pay Act, 37 U.S.C. § 204-206, and the Administrative Procedure Act, 28 U.S.C. § 702 ("APA").

**III. Standard for Dismissal Under Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss when a plaintiff fails to state a claim upon which relief can be granted.  Motions to dismiss under Fed.R.Civ.P. 12(b)(6) test "whether a cognizable claim has been pleaded in the complaint."  Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988).  Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate when no set of facts exists which would entitle the plaintiff to recover.  Hammond v. Baldwin, 866 F.2d 172, 175 (6th Cir.1989).  Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery.  See, e.g., Neitzke v. Williams, 490 U.S. 319, 326-27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In reviewing defendants' Rule 12(b)(6) motion to dismiss, a district court should construe the complaint in the light most favorable to the plaintiff and determine whether the plaintiff  can prove any set of facts that would entitle him to relief. Meador v. Cabinet for Human Res., 902 F.2d 474, 475 (6th Cir.1990), cert. denied, 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed.2d 145 (1990).  If an allegation is capable of more than one inference, it must be construed in the plaintiff's favor.  Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir.1991).

A district court may not grant a  Fed.R.Civ.P. 12(b)(6) motion to dismiss because the court does not believe the plaintiff's

factual allegations.  In Re Sofamor Danek Group, Inc., 123 F.3d 394 (6th Cir.1997), cert. denied, Murphy v. Sofamor Danek Group, 523 U.S. 1106, 118 S.Ct. 1675, 140 L.Ed.2d 813 (1998).  It is not the court's function to weigh evidence.  Miller v. Currie, 50 F.3d 373, 377 (6th Cir.1995).

The United States Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Thus,"[t]he Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim." Id. at 47. "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." Wittstock v. Mark a Van Sile, Inc., 330 F.3d 889, 902 (6th Cir. 2003).

**IV. Analysis**

The United States argues that Shaffer's claims are barred by the doctrine of res judicata.  (Mtn. to Dismiss at 4.) A claim is barred by res judicata if each of the following elements is present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent litigation which was litigated or which should have been

5

litigated in the prior action; and (4) an identity of the causes of action. Bittinger v. Tecumseh Prods. Co., 123 F.3d 877 (6th Cir. 1997). Although the complaints filed in the Court of Federal Claims and in this action are nearly identical, Shaffer argues that this action is not barred by res judicata.

### A. Final Decision on the Merits

On September 28, 2001, the Court of Federal Claims held that Shaffer's claims were barred by the applicable statue of limitations. Shaffer appealed. In Shaffer v. United States, 89 Fed.Appx 265 (Fed. Cir. 2004), the Federal Circuit affirmed the decision of the Court of Federal Claims. A dismissal of a claim as outside the statute of limitations constitutes a judgment on the merits. See Ortiz-Cameron v. Drug Enforcement Administration, 139 F.3d 4, 5 (1st Cir. 1998); Nathan v. Rowan, 651 F.2d 1223 (6th Cir. 1981). Thus, the decisions of the Court of Federal Claims and the Federal Circuit are final decisions on the merits.

### B. Subsequent Action between the Same Parties

Shaffer argues that there are additional parties in this action. (Resp. to Mtn. to Dismiss at 12.) In the Court of Federal Claims, the United States was the only defendant. In this action, the Secretary of the Army is named as the responsible party for both the BCMR and the Army Discharge Review Board ("DRB"). (Id.) Both actions challenge the conduct of the

United States Army, and Secretary White is being sued in his official capacity as Secretary of the Army.  Thus, the addition of Secretary White is nugatory.  The parties are substantially the same.

### C. Prior Opportunity to Litigate an Issue

Shaffer argues that this action seeks direct review of the actions of the BCMR and DRB under the Administrative Procedures Act and that direct review under the APA was not available in the Court of Federal Claims.  (Resp. to Mtn. to Dismiss at 12.)  It is well established that the failure of a corrective board to set aside a military discharge does not give rise to a separate and independent claim because the correction board's action is ancillary to the underlying wrongful discharge or disciplinary action.  See Martinez v. U.S., 333 F.3d 1295 (Fed. Cir. 2003); Hurick v. Lehman, 782 F.2d 984 (Fed. Cir. 1986).

In Martinez, which is a case similar to this case in all material respects, the plaintiff moved the Federal Circuit to transfer his case to the district court to adjudicate the non-monetary portion of the case.  In declining to transfer, the Federal Circuit stated:

> The problem with Mr. Martinez's transfer request is that because his complaint sought money and relief ancillary to the request for money, the Court of Federal Claims could have granted all the relief requested in the complaint if the complaint had been timely filed.  Section 10(c) of the APA provides for judicial review of 'final agency action for which there is no other adequate remedy in a court.'  5 U.S.C. § 704.  Because there was an adequate remedy in the

> Court of Claims for the claims set forth in Mr. Martinez's complaint, a district court would not have had APA jurisdiction over those claims (and the waiver of sovereign immunity under section 10(a) of the APA, 5 U.S.C. § 702 would not have been available).

Martinez, 333 F.3d 1320. Review of the actions of the BCMR and DRB was available in Shaffer's action before the Court of Federal Claims and should have been litigated there.

### D.  Identity of Causes of Action

The factual recitations in this case and in the Court of Federal Claims case and the causes of action are substantively identical. In both cases, the gravamen of the complaints is wrongful discharge and failure of the Army to correct Shaffer's records. The causes of action in both cases arise from the same facts. Therefore, there is identity of causes of action.

### E.  Application of Res Judicata

Upon review of the pleadings, applicable case law and statutes, and previous opinions in this case, there has been a decision by a court of competent jurisdiction and there is identity of parties, issues, and causes of action, such that Shaffer's claim is jurisdictionally barred and barred under the the doctrine of res judicata. See Sanders Confectionary Products, Inc. v. Heller Financial, Inc. 973 F.2d 474 (6th Cir. 1992.)

## V. Conclusion

For the foregoing reasons, Defendants' motion is GRANTED,

8

and Shaffer's complaint is dismissed.

So ORDERED this 9th day of August 2006.

```
                                  _____
                                  s/SAMUEL H. MAYS, JR.
                                  UNITED STATES DISTRICT JUDGE
```